UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMERICA AVINA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1590-RLY-TAB |
| | ) | |
| THE H.T. HACKNEY COMPANY, | ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT and PLAINTIFF'S MOTION TO STRIKE AND OBJECTIONS TO EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On September 29, 2004, Plaintiff, American Avina, filed a rudimentary Complaint for retaliation and sex discrimination. Several months later, Defendant, The H.T. Hackney Company, filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. The court elects to treat Defendant's motion as one for summary judgment, given that Defendant relies on over 20 exhibits in support of its motion. *See* Fed.R.Civ.P. 12(b). Plaintiff moves to strike Defendant's exhibits on grounds that Defendant's exhibits are not accompanied by affidavits thus amount to inadmissible hearsay.

Defendant's exhibits consist of employee handwritten statements and portions of Plaintiff's personnel records. They are not accompanied by an affidavit(s), and thus lack reliability and trustworthiness. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2004) ("Normally, to demonstrate such trustworthiness and reliability at the summary

judgment stage, the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial . . ."); *see also Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985) ("When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence."). Accordingly, the court **GRANTS** Plaintiff's Motion to Strike and Objections to Exhibits in Support of Defendant's Motion for Summary Judgment.  Having so granted, the court must **DENY** Defendant's Motion for Summary Judgment.  Defendant shall have until October 28, 2005, to refile a motion for summary judgment with properly authenticated exhibits.  The briefing schedule shall follow the dictates of Local Rule 56.1.

**SO ORDERED** this   19th    day of September 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

2

Electronic Copies to:

J. Steven Collins
BURROUGHS COLLINS & JABALEY PLC
steve@bcjattorneys.us

Stacey Michelle Davis
staceymdavislaw@aol.com

G. Gerard Jabaley
BURROUGHS COLLINS & JABALEY, PLC
gerard@bcjattorneys.us

Stephen Dale LePage
HARRISON & MOBERLY
slepage@h-mlaw.com